[Civ. No. 16517. Second Dist., Div. Three. Mar. 2, 1949.]

A. P. JOHNSON COMPANY (a Corporation), Respondent, v. CIRCLE AUTO PARKS, INC. (a Corporation), Appellant.

[Civ. No. 16538. Second Dist., Div. Three. Mar. 2, 1949.]

CIRCLE AUTO PARKS, INC. (a Corporation), Appellant, v. A. P. JOHNSON COMPANY (a Corporation), Respondent.

Carl C. Katleman, A. A. Rotberg and George Appell for Appellant.

Arthur Strock for Respondent.

SHINN, P. J.—Two actions, one brought by Circle Auto Parks, Incorporated, against A. P. Johnson Company, for declaratory relief, and the other by A. P. Johnson Company against Circle Auto Parts, Incorporated, in unlawful detainer, were consolidated and tried together, judgment being rendered in favor of Johnson Company for restitution of the premises, rent and damages. Circle Auto Parks, Incorporated, appeals.

The premises in question are located in the 600 block on South Olive Street in Los Angeles, and consist of two city

lots having a large vacant area. The property, excepting the improved portions, was leased to Circle January 1, 1945, for a four-year term, as an auto park, the lease reserving to the lessor, Johnson Company, the privilege of terminating the tenancy of Circle at the option of the lessor and upon 60 days' written notice. It contained this provision: "It is covenanted and agreed that the termination of the lease term, as in this paragraph provided, may be made by lessor only in case of the sale or a lease of fifteen (15) years or more of the demised property, or in the event lessor shall determine to erect a new building thereon covering at least the major portion of the ground hereunder leased." There was the usual provision that at the expiration of the term, or any sooner termination of the lease, the lessee would quit and deliver up possession of the premises. The stipulated rental was $1,500 per month, but by contemporaneous agreement it was reduced to $1,100 per month for the first eight months, and $1,250 per month for the last four months of 1945, the reduction not to extend more than 60 days after the signing of an armistice or termination of the war with either Germany or Japan.

On August 23, 1946, Johnson Company entered into a lease of the premises, including the improved portions, with System Auto Parks and Garages, Incorporated, for a term of 15 years commencing on the first day of November, 1946, and ending on the 31st day of October, 1961, for a rental of $4,500 per month minimum, and in addition a certain percentage of gross income derived by the lessee from the demised premises in excess of $90,000 in each of the years from 1947 to 1961, inclusive. The lessor reserved the right to terminate the lease by giving 60 days' notice of termination upon the happening of any of the following events: (a) The execution of a bona fide lease for 15 years or longer for use up to October 31, 1961, other than as an auto park; (b) the execution of a bona fide lease providing that the lessee construct a new building covering 75 per cent or more of the demised premises; (c) the bona fide determination by lessor to construct a new building covering 75 per cent of the demised premises; (d) a bona fide sale of all of the demised premises. Upon the execution of the lease to System, Johnson Company gave notice to Circle Auto Parks that its lease was terminated as of October 31, 1946. Circle denied that its lease was subject to cancellation because of the lease that had been made to System, retained possession of the premises, and the two actions were instituted. No question is raised on the appeal as to the amount of the award for

rent, damages and attorneys' fees. The contention is that the lease that was made to System was not one under which Johnson Company could exercise the privilege of terminating the Circle Auto Parks lease.

Appellant's contention is that the lease to System was not a "lease of fifteen (15) years or more," for the reason that it contained the provision for its termination by the lessor upon the happening of any of the enumerated events, and that the term "fifteen years or more," as used in the Circle lease, should be construed to mean an absolute and unconditional term of not less than 15 years. An attempt was made to prove that a representative of Johnson Company and the attorney for the company represented that the 15-year provision meant nothing but "a straight 15-year lease." The president of Circle company testified that the attorney stated words "to the effect" that it meant "without any cancellation clause." The attorney called as a witness denied having made any such statement, or having discussed the meaning of the words, as used in the Circle lease. The trial court quite evidently disbelieved the testimony of appellant's witness.

We do not find any merit in the contention that the lease to System was not a 15-year lease. It was not for any other term and it obligated the lessee to pay a fixed minimum rental of $810,000, providing the property was not sold or improved or re-leased under the conditions specified. When the parties to the present actions used the expression "fifteen years or more," they did not stipulate that the lease would have to be one without conditions of termination by the lessor in case of sale or other contingency. These provisions were in the lease to Circle that was made in January, 1945, and also in a prior lease dated July 11, 1940, under which Circle had occupied the premises until the 1945 lease was made. The Johnson Company had the right to terminate the 1940 lease in case of a sale or if it should determine to erect a new building covering at least the major portion of the ground leased. These provisions were retained in the 1945 lease and the one now in dispute was added. The language of the 1940 lease was that the property was leased "for the term of three (3) years." The parties understood the term to be three years notwithstanding the provisions for cancellation of the lessor. In like manner they provided in the 1945 lease that the property was leased "for the term of four (4) years," although it contained the same provisions for termination as the 1940 lease and the additional 15-year lease provision. In

appellant's complaint it was alleged that the property was leased "for a period commencing Jan. 1, 1945 and ending Dec. 31, 1948." Thus the parties have provided their own answer as to what they understood by the words "a lease of fifteen (15) years or more." The phrases "for the term of three (3) years," and "for the term of four (4) years" were used by them to describe the terms of leases which contained provisions for termination. So, too, the words "a lease of fifteen (15) years or more" were descriptive, and no doubt meant the same to the parties as the designations they had given to the terms of their own leases for shorter terms.

It seems little short of ridiculous to contend that while respondent's attorney was in the very act of strengthening his client's right of cancellation in respect to the existing lease, he represented that the new provision had reference to a future long term lease that would contain no provisions at all for cancellation. At any rate, the president of appellant was not deceived. He was familiar with respondent's policies in leasing this property. He had no reason to believe that any new lease would be made that did not contain the customary provisions for cancellation.

Respondent paid a broker's commission for negotiating the lease to System at the realty board rates for a 15-year lease. This was some evidence that a lease is generally regarded as being for the maximum term it may run even though it may be subject to termination by the lessor in case of sale or the happening of some other event. The finding that the lease to System was for 15 years or more, within the meaning which the parties attached to the termination clause of their 1945 lease, has ample support in the evidence. A contrary finding would not have been justified.

Various other claims are asserted in appellant's briefs, namely, that the termination of its lease amounted to a forfeiture of its property without due process of law; the right of termination reserved by the lessor was void as being inconsistent with and destructive of the estate granted; and that the provision for termination is so uncertain as to be unenforceable. We do not deem it necessary to answer these contentions specifically even though, as appellant asserts, they are of first impression in California and would require "blazing a trail in a virgin forest of the law." Nothing is involved except the proper construction of an agreement.

Appellant insists that the evidence established that the lease was drawn by the lessor, that a finding to the contrary

was without support in the evidence and that ambiguities and uncertainties in the lease should be construed against the lessor. It was an immaterial finding. There was no uncertainty of meaning in the lease and there was but one permissible construction of the questioned provision.

The appeal is wholly without merit.

The judgment in the consolidated actions is affirmed.

Wood, J., and Vallée, J., concurred.